IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,297-01






EX PARTE SAMMIE L. ROBERSON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. 114-0039-03-A IN THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of burglary of a habitation, and punishment was
assessed at life confinement, to be served consecutively with an earlier 30-year sentence for
burglary of a building. Applicant's conviction was affirmed on appeal. Roberson v. State
No. 12-03-00110-CR(Tex. App. --Tyler, delivered March 31, 2005, no pet.)

 Applicant contends inter alia that trial counsel was ineffective for failing to pursue
his objection to the prosecutor's comment on Applicant's failure to testify to an adverse
ruling.. 

 The trial court has entered findings of fact and conclusions of law finding that counsel 
was effective. However, neither the trial court's findings nor the affidavit provided by
counsel in response to Applicant's allegations addresses this specific claim. Although the
trial court conducted an evidentiary hearing to address Applicant's habeas claims, there is
no transcript of the proceeding, or of Applicant's trial, in the record. We do not believe that
the trial court's factual findings are sufficient to completely resolve the issues presented. 

 Because Applicant has stated facts requiring resolution and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for resolution
of those issues. The trial court may resolve those issues as set out in Tex. Code Crim. Proc.
art. 11.07, § 3 (d), in that it may order additional affidavits, depositions, or interrogatories
from counsel or it may order a hearing. In the appropriate case the trial court may rely on its
personal recollection. 

 If the trial court elects to hold another hearing, it shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to why defense counsel did not
pursue his objection to an adverse conclusion by requesting a mistrial. In addition, the trial
court shall make findings as to whether it would have granted a motion for a mistrial had one
been made. The court shall make findings as to whether there was any evidence presented
during the guilt/ innocence phase to connect Applicant to this offense, other than the
fingerprint which was the subject of the prosecutor's comment. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)

 IT IS SO ORDERED THIS THE 5th DAY OF APRIL, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.